## NEVINS v. BROOKLYN CITIZEN.

(Supreme Court, Appellate Division, Second Department. January 15, 1915.)

1. TRIAL (§ 139*)—QUESTION FOR JURY—INDEBTEDNESS—LIABILITY.

Whether certificates of indebtedness, read in connection with a contemporaneous agreement, showed that they were to be payable when the debtor was financially able to pay, consistently with its obligations on other certificates issued under the agreement and of conducting its newspaper, was a question of law, if there was no conflict of evidence, and no room for different inferences drawn from undisputed facts; but on conflicting evidence, or where different inferences might be drawn therefrom, its ability to pay was a question of fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DISCOVERY (§ 88*)—CORPORATE INDEBTEDNESS—PAYMENT OF CERTIFICATES.

    Under Code Civ. Proc. § 803, authorizing a court of record to compel a party to produce or to give the other party an inspection of its books, etc., relating to the merits of the action, the holder of certificates of indebtedness, payable when the debtor was financially able to do so, consistent with its other obligations, was entitled to discovery of the debtor's books, from the issuance of the certificates to the commencement of the action.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 113, 114; Dec. Dig. § 88.*]

Appeal from Special Term, Kings County.

Action by Thomas F. Nevins against the Brooklyn Citizen. From part of an order for discovery, plaintiff appeals. Order reversed, and motion granted.

Argued before JENKS, P. J., and BURR, STAPLETON, RICH, and PUTNAM, JJ.

Horace D. Byrnes, of New York City (Michael M. Helfgott, of Brooklyn, on the brief), for appellant.

Peter P. Smith, of Brooklyn, for respondent.

PER CURIAM. [1] The certificates of indebtedness, which are the subject of this action, when read in connection with the contemporaneous agreement, clearly indicate that they are payable when defendant is in a financial condition to enable it to make such payment, consistently with meeting all its obligations, including the other certificates issued under said agreement, and of conducting its business of publishing a newspaper. This question must be determined by evidence. If there is no conflict of testimony, and no room for different inferences to be drawn from the undisputed facts, its ability to pay becomes a question of law. If there is conflicting evidence, or if different inferences may be drawn therefrom, its ability to pay becomes a question of fact.

[2] If, at any time subsequent to the issuing of said certificates, such ability to pay existed, the obligation thereon became due. Plaintiff was therefore entitled to a complete discovery of the books of defendant for the entire period between the date of issuing said certificates and the date of the commencement of the action. Code, § 803. There is an inconsistency in the order as made at Special Term, which limits such discovery to two years. Plaintiff was entitled to a full discovery, or to none at all.

So much of the order as is appealed from should be reversed, with $10 costs and disbursements, and motion granted, permitting plaintiff a discovery for the entire period between February 23, 1895, and the date of the commencement of the action.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes